**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RONALD RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-571** |
| **ZURICH AMERICAN INSURANCE COMPANY ET AL** | **SECTION "L" (2)** |

**ORDER & REASONS**

Before the Court are Defendants' cross motions for summary judgment. R. Docs. 33, 34. Each motion is opposed. R. Docs. 37, 38. Having considered the parties' arguments and the applicable law, the Court now issues this Order and Reasons.

I. BACKGROUND

This case arises from injuries Plaintiff Ronald Richardson ("Richardson") allegedly sustained in a collision between two 18-wheelers. On January 14, 2016, Plaintiff was sitting inside his truck waiting to refuel when an unknown driver in an 18-wheeler struck Plaintiff's vehicle. R. Doc. 1-4 at 1. The unknown driver then fled the scene.

At the time of the accident, Plaintiff was working on behalf of 1845 Oilfield Transport, LLC ("D & T Holdings"). Plaintiff alleges Defendant Zurich American Insurance Company ("Zurich") provided insurance coverage to and on behalf of D & T Holdings. Defendant Great American Assurance Company ("American") provided underinsured/uninsured insurance coverage to Plaintiff. R. Doc. 1-4 at 2. Plaintiff claims that both insurance companies have refused to make any tender under the policies despite receiving adequate proof of loss. R. Doc. 1-4 at 3. Plaintiff claims that Defendants Zurich and American's failure to make tender on his claim is in

1

bad faith and therefore he is entitled to statutory damages and attorney's fees. R. Doc. 1-4 at 4.

Defendant Zurich answers and denies all allegations in Plaintiff's complaint. R. Doc. 5 at 1-2. Zurich admits it was the insurer for D & T Holdings and provided coverage to Plaintiff while his truck was being used by or for D & T Holdings. R. Doc. 5 at 2. Defendant American answers and denies the allegations in Plaintiff's complaint. R. Doc. 6 at 1-3. Defendant asserts that Plaintiff has not provided adequate proof that the driver in the alleged accident was uninsured. Therefore American contends it cannot be held liable until it receives proof that Plaintiffs injuries and damages exhaust the limits of the tortfeasor's coverage. R. Doc. 6 at 1-3.

Defendants Zurich and American claim that any assertion of bad faith is barred because Plaintiff only recently provided identifying information regarding the tortfeasor's vehicle to the Defendants. R. Doc. 6 at 5-6; R. Doc. 5 at 12. Defendants also raise various affirmative defenses, including contributory negligence because of where Plaintiff chose to park his vehicle. R. Doc. 6 at 6; R. Doc. 5 at 13.

## II. PRESENT MOTIONS

### a. Defendant Zurich's Motion for Summary Judgment (R. Doc. 33)

Defendant Zurich moves for summary judgment on the ranking of the Defendants' uninsured motorist ("UM") coverage. R. Doc. 33. Zurich alleges that the policy provided by GAAC is the primary coverage for Plaintiff Richardson and the Zurich policy is only available as excess when the GAAC policy is exhausted. R. Doc. 33-1 at 1, 3. Zurich argues that the GAAC policy has a limit of $1,000,000 and lists the truck in question as a covered auto. R. Doc. 33-1 at 5. Zurich argues that this is coverage on the vehicle; in contrast, the Zurich policy is not coverage on the vehicle but is based on the status of the vehicle at the time of the accident. R. Doc. 33-1 at 6. Therefore, because the GAAC policy is coverage on the vehicle, Zurich argues that under

Louisiana law it is the primary UM coverage in this accident. R. Doc. 33-1 at 7.

### b. Defendant GAAC's Motion for Summary Judgment (R. Doc. 34)

Defendant GAAC also moves for summary judgment on the ranking of the Defendants' UM coverage. R. Doc. 34. GAAC alleges that the policies provided by Zurich and GAAC are co-primary. R. Doc. 34-1 at 1. GAAC argues that the truck in question is a covered auto under the Zurich policy because it was under lease for a year. R. Doc. 34-1 at 8. GAAC argues that because it lists the truck as a covered auto Louisiana law makes Zurich's coverage primary for Plaintiff Richardson's injuries because they occurred in a covered auto that he did not own. R. Doc. 34-1 at 9. Furthermore, GAAC argues that because both policies have language apportioning coverage this language should be applied and each Defendant should be liable proportionate to the applicable limits of their policies. R. Doc. 34-1 at 14.

## III. LAW & ANALYSIS

### a. Summary Judgment Standard (Fed. R. Civ. P. 56)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden,

then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### b. Interpretation of Insurance Policies

The basis of this Court's jurisdiction is diversity of citizenship. Thus, Louisiana law applies. Under Louisiana law, insurance policies must be interpreted in accordance with the rules for interpreting contracts in general. *Cadwallader v. Allstate Ins. Co.*, 02–1637, p. 3 (La. 6/27/03); 848 So.2d 577, 580 ("An insurance policy is a contract between the parties and should be construed using the general rules of interpretation set forth in the Louisiana Civil Code."). Additionally, the words and phrases used in an insurance policy are to be construed using their plain, ordinary, and generally prevailing meaning. La. Civ. Code art. 2047 ("The words of a contract must be given their generally prevailing meaning."). Courts applying Louisiana law are not permitted to interpret an insurance policy in a manner that would threaten to modify what is reasonably contemplated by the policy's unambiguous terms. La. Civ. Code art. 2046 ("When the words of a contract are

4

clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").

When language in a contract is clear and unambiguous, it is enforced as written. *Smith v. Matthews*, 611 So.2d 1377, 1379 (La. 1993). But, if there are ambiguous provisions they are interpreted in favor of coverage and against the insurer who issued or wrote the policy. *Id.* Additionally, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ. Code art. 2050.

    **c. Discussion**

Louisiana uninsured motorist laws seek to ensure that an innocent motorist or passenger is able to recover damages when they are the victim of an accident resulting from the negligence of an uninsured motorist. *Boudreaux v. Optimum Ins. Co.*, 854 F.2d 88, 90 (5th Cir. 1988) (quoting *Roger v. Estate of Moulton*, 513 So.2d 1126, 1130 (La. 1987). Louisiana law also provides direction for ranking UM policies when multiple policies are available.

> [W]ith respect to other insurance available, the policy of insurance or endorsement shall provide the following with respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, and the following priorities of recovery under uninsured motorist coverage shall apply:
>
> (i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary.
>
> (ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

La. Rev. Stat. 22:1295(1)(c)(ii). As held by the Fifth Circuit, when "the injured party is occupying an automobile not owned by him[,] the [UM] coverage on the vehicle on which the injured party was an occupant is primary." *Boudreaux*, 854 F.2d at 91.

5

Here, both GAAC's and Zurich's policies cover the truck in question. The issue is which coverage is primary. Mr. Richardson was injured in a vehicle not owned by him. Therefore, the question is which UM coverages are on the vehicle. It is clear, and undisputed, that GAAC's policy is on the vehicle, the truck in question.

Regarding the Zurich policy, the Court previously found that the Zurich policy covers the truck and Mr. Richardson's personal injury claims because Mr. Richardson was "in the business" of his employer (to which Zurich provided the insurance policy) at the time of the accident. R. Doc. 24. The Fifth Circuit has held that when an accident occurs while the plaintiff is in the scope of his employment, the "employer's insurance carrier is also a primary carrier." *Boudreaux*, 854 F.2d at 92. Zurich argues that its UM coverage does not fall within the Louisiana statute because it is not "coverage on the vehicle." Rather Zurich argues that the vehicle and its occupants are only covered when they are under a certain status, "in the business" of the employer.

The Court disagrees. Zurich may not use a limiting condition to argue that its policy is not coverage on the vehicle, the truck involved in the accident. All insurance policies have requirements for coverage. UM coverage in general has two limiting conditions such that it is not triggered unless 1) the plaintiff is not at fault and rather the other driver is at fault and 2) the at fault driver has no coverage or insufficient coverage. Likewise, these limitations do not mean that the policy does not provide coverage on the vehicle. Therefore, the Court finds that the Zurich policy provides coverage on the truck and is co-primary with the GAAC policy.

Furthermore, because both policies contain language apportioning coverage based on proportion of coverage, the Court will respect these provisions. Therefore, GAAC and

Zurich will be responsible for their respective shares of any damages proven by Plaintiff based on their respective coverage amounts.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Zurich's Motion for Summary Judgment, R. Doc. 33, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant GAAC's Motion for Summary Judgment, R. Doc. 34, is hereby **GRANTED**.

New Orleans, Louisiana this 21st day of March, 2018.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE